BY THE COURT:
 

 Having reconsidered this court’s previous denial of relief to appellant National Bank of Commerce (NBC) and accompanying reasons therefor, we now issue a limited mandamus, requiring the district court to issue a stay of the bankruptcy court’s order confirming the debtor’s plan of reorganization (and all matters contained therein) and requiring the district court to hold a prompt hearing on the merits of the appeal
 
 *1299
 
 of that confirmation. A brief explanation of our action is required.
 
 [1]
 

 Both parties have submitted briefs addressing the possible alternatives by which NBC may seek relief in this court from the district court’s denial of a stay pending appeal to the district court of the bankruptcy court’s order confirming the plan of reorganization. We believe, following the Ninth Circuit, that mandamus is the only available remedy in this case.
 
 See In re Teleport Oil Co.,
 
 759 F.2d 1376 (9th Cir.1985).
 

 This court exercises jurisdiction of “appeals from all final decisions, judgments, orders, and decrees” of the district courts in bankruptcy matters. 28 U.S.C. § 158(d). It is certainly true that the concept of “finality,” when applied in the context of bankruptcy matters, must be defined flexibly and pragmatically.
 
 Teleport Oil Company,
 
 759 F.2d at 1377. Nevertheless, the district court’s decision to deny a stay pending appeal of Barrier’s plan of reorganization was not a final order. It did not conclusively determine the outcome of the appeal, which remains pending, even though, as will be noted below, the denial has a serious adverse impact on appellant NBC.
 
 See In re Emerald Oil Co.,
 
 694 F.2d 88 (5th Cir.1982).
 

 Moreover, the district court’s denial of a stay cannot be reviewed by this court pursuant to 28 U.S.C. § 1292, governing interlocutory appeals. The bankruptcy appellate scheme now enacted in 28 U.S.C. § 158, which appears to be comprehensive, clearly supersedes § 1291, covering appeals clearly supersedes 28 U.S.C. § 1291, covering appeals from final judgments of the district court, and would inferentially appear to supersede § 1292 as well. Assuming this to be the case, any injustices resulting from the inapplicability of § 1292 could arguably be cured by a more expansive definition of “finality,” where the special characteristics of bankruptcy practice require it.
 
 See
 
 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3926 (Supp.1985). Supporting our interpretation in addition to
 
 Teleport,
 
 is
 
 Regency Woods Apartments, Ltd.,
 
 686 F.2d 899, 901 (11th Cir.1982). The modifications in bankruptcy appellate procedure brought about by amendment of former 28 U.S.C. § 1293 to become § 158(d) did not affect the holding of the Eleventh Circuit in this regard.
 

 Appellant has additionally asked us to consider granting a stay based on Federal Rule of Appellate Procedure 8(a). That argument fails because the rule only authorizes stays pending appeals to this court. There is no appeal pending from the district court to this court, only a request for reversal of the interlocutory order denying a stay.
 

 As drastic as the remedy is, however, we believe that a mandamus must be issued to the district court in this case.
 
 See Southern Pacific Trans. v. San Antonio, Texas,
 
 748 F.2d 266, 270 (5th Cir.1984). Mandamus “is awarded, not as a matter of right, but in the exercise of a sound judicial discretion.”
 
 Duncan Townsite Co. v. Lane,
 
 245 U.S. 308, 311, 38 S.Ct. 99, 101, 62 L.Ed. 309 (1917). This case is extraordinary because, as we have found, there is no other avenue of appeal available to NBC, because there is a serious potential for irreparable harm in the absence of a stay, and because the district court and bankruptcy court abused their discretion in denying relief. The debtor’s plan of reorganization as confirmed by the bankruptcy court provides that he will remain in business as a farmer, cultivating two farms and paying off secured debts owed for the
 
 *1300
 
 land and his farm equipment. He is permitted to borrow money in the ordinary course of his farming operations or to secure loans for payments required by the plan. Additionally, the debtor has agreed to transfer to its major secured bank creditor two farms free and clear of liens. In the meantime, the debtor is contingently obligated to pay NBC $300,000 (in settlement of a lawsuit challenging the dis-chargeability of debt owed to NBC), presumably from his income as a farmer. The unsecured creditors will receive virtually nothing from the plan as confirmed, despite its considerable advantages to Barrier, for even if attorneys’ fees and other costs do not exceed present estimates, the distribution to unsecured creditors will amount to less than .2% of the unsecured debt. NBC’s understandable concern is that the bank may sell those repossessed farms or the debtor may borrow money or dispose of his property inconsistently with the terms of the plan pending appeal of this confirmation order and may thus effectively undermine the utility of NBC’s appeal. Without the relief granted here, and the imposition of -a stay, the debtor’s financial position could deteriorate drastically vis-a-vis his ability to carry out his obligations to NBC or, if necessary, to propose another plan. These eventualities pose a serious risk of harm to NBC from the failure to grant a stay. The district court and bankruptcy court, in refusing to award a stay pending appeal, seriously erred in their determinations of (1) the risk of harm to NBC and (2) the gravity and merit of its legal position on appeal.
 

 This mandamus is limited to requiring the district court to enter a stay of the bankruptcy court’s confirmation order pending appeal to the district court, and requiring an expeditious hearing on NBC’s appeal to the district court.
 

 Therefore, on reconsideration, this court treats the appellant’s motion for stay as a motion for mandamus (See
 
 Southern Pacific, supra,
 
 at 270), and the district court is instructed to grant a stay pending appeal and a prompt hearing to NBC as outlined above.
 

 So ORDERED.
 

 [1]
 

 . When this court originally denied mandamus relief, it believed that certain transfers of real property and planned borrowing by debtor, permitted under the plan of reorganization, could not go forward until the conclusion of any appeals. Under such circumstances, this court felt that the interests of appellant were not irreparably harmed by the failure of the bankruptcy court and district court to deny a stay pending appeal of the confirmation order. The court has since been informed that, by virtue of an intervening bankruptcy court order, the plan of reorganization may and is intended to be consummated pending appeal. This has prompted the court to reconsider its failure to grant mandamus.