United States Court of Appeals,

Fifth Circuit.

No. 93-2394.

In the Matter of John Floyd NICHOLS and Deena Counts Nichols, Debtors.

CONROE OFFICE BUILDING LTD., et al., Appellants,

v.

John Floyd NICHOLS, et al., Appellees.

May 31, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before WISDOM and BARKSDALE, Circuit Judges, and HARMON,[*] District Judge.

WISDOM, Circuit Judge.

This case presents the question whether a district court's order reversing a bankruptcy judge and remanding the case to the bankruptcy court for significant further proceedings is appealable. This Court has previously held that such an order is not appealable under 28 U.S.C. § 158(d).[1] Today we hold that the order in this case is not appealable under 28 U.S.C. §§ 1291-1292, either. Accordingly, we have no jurisdiction to decide the merits of the appellant's appeal, and we DISMISS the appeal.

I.

Appellees John Floyd Nichols, an attorney, and his wife Deena Counts Nichols (collectively, "the debtors") are the debtors in the

---

[*]District Judge of the Southern District of Texas, sitting by designation.

[1]*See In re Bowman,* 821 F.2d 245 (5th Cir.1987).

Chapter 7 bankruptcy proceeding underlying this appeal. Appellant Conroe Office Building Ltd. ("Conroe") is a limited partnership in which appellant Joe Izen, Jr. is a limited partner. Izen had control over Conroe's bank account.

John Floyd Nichols represented Martha Mackin Izen, the wife of Joe Izen, Jr., in a divorce action. Martha Mackin Izen, without authorization from Joe Izen, Jr., allegedly paid Nichols a retainer with funds she had withdrawn from Conroe's bank account. Upon learning of the unauthorized withdrawal, Joe Izen sued his wife and Nichols for conversion. Conroe intervened as a plaintiff in the state conversion proceeding.

The debtors, John Floyd Nichols and Deena Counts Nichols, then filed a bankruptcy petition. Their schedules listed Joe Izen, Jr. and Conroe as creditors with this claim described as "disputed". Izen and Conroe requested that the bankruptcy court lift the automatic stay to permit them to continue prosecuting their conversion claim against Nichols in state court. The bankruptcy court granted their motion to lift the stay. Martha Mackin Izen then crossclaimed against Nichols in the state court lawsuit for legal malpractice in connection with his representation of her in the divorce action. Martha Mackin Izen assigned Joe Izen, Jr. 50% of her malpractice claim against Nichols. Nichols never listed Martha Mackin Izen as a creditor on his bankruptcy schedules.

The bankruptcy court granted the debtors a discharge on May 4, 1988. Izen and Conroe had never objected to the discharge or challenged the dischargeability of the Nichols's debt to them, but

2

had merely continued to prosecute their conversion lawsuit in state court.

After obtaining his discharge in bankruptcy, Nichols moved for summary judgment in the state court proceeding on the grounds that any liability to which he had been subject had been discharged. The state court denied his motion. The debtors then petitioned the bankruptcy court to reopen their bankruptcy proceeding. The bankruptcy court did so on October 22, 1991. The bankruptcy judge, after an evidentiary hearing, determined that the conversion claim and legal malpractice crossclaim were pre-petition claims that had been discharged. The bankruptcy judge then enjoined the appellants "from further pursuing any means of holding John Floyd Nichols or his wife, Deena Counts Nichols, personally liable for the claims ..., including the claim for conversion and the claim of legal malpractice based on debtor John Floyd Nichols' prepetition acts".

Izen and Conroe appealed to the district court. The district court rejected their argument that the bankruptcy court abused its discretion in reopening the bankruptcy more than three years after the discharge. It reversed and remanded, however, on the question whether the legal malpractice crossclaim had arisen pre-petition, given that some factual allegations had been made concerning Nichols's post-petition conduct. The district court remanded the malpractice claim to the bankruptcy judge because the debtors had not listed Martha Mackin Izen as a creditor on their schedules and the bankruptcy court's opinion did not discuss whether she had notice or actual knowledge of the bankruptcy. The district court

3

also remanded a claim against Nichols for wrongful interference with Conroe's funds, finding that the bankruptcy court had not addressed that claim. Finally, the district court remanded this case to the bankruptcy court for an explanation why the bankruptcy judge denied the appellants' request to modify the injunction to allow them to seek recovery from the debtors' insurance carrier despite a proffered stipulation that they would not seek recovery from the debtors' estate. The district court affirmed the bankruptcy judge in all other respects.

The appellants appealed the district court's order to this Court, challenging the district court's affirmance of most of the bankruptcy judge's ruling. We raised the question of our own jurisdiction *sua sponte* and ordered supplemental briefing on the issue. After reviewing the supplemental briefs, we conclude that the district court's order remanding the case to the bankruptcy court was neither a final appealable order nor an appealable interlocutory order, and thus we have no jurisdiction to review it.

## II.

*A. Appealability Under 28 U.S.C. § 158(d)*

28 U.S.C. § 158(d) lodges jurisdiction in the courts of appeals over appeals from "final decisions, judgments, orders, and decrees" in bankruptcy matters entered under § 158(a) and (b). It does not, however, confer jurisdiction over appeals from

4

interlocutory orders of district courts.[2]  In *In re Bowman*[3] we held that when a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not "final" and therefore not appealable under § 158(d).  We explained that "[a] final order is one in which nothing remains to be done but the mechanical entry of judgment by the trial court".[4]  The order remanding the case to the bankruptcy court for significant further proceedings was not "final" under that standard.  It is therefore unappealable under § 158(d).

*B. Appealability Under 28 U.S.C. § 1291*

The appellants' supplemental brief relies also on 28 U.S.C. § 1291, which governs appeals from final decisions of district courts.  This argument, however, fails for the same reason the appellants' § 158(d) argument failed:  a district court order reversing and remanding a case for significant further proceedings in the bankruptcy court is not considered "final" for purposes of appellate review.  For purposes of § 1291, a final judgment is a decision that "ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment".[5]  The

---

[2]*See In re Topco, Inc.,* 894 F.2d 727, 735-36 n. 12 (5th Cir.), *reh'g en banc denied,* 902 F.2d 955 (5th Cir.1990), and cases collected therein.

[3]821 F.2d 245 (5th Cir.1987).

[4]*Id.* at 247 (internal quotations omitted).

[5]*Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373, 101 S.Ct. 669, 672-73, 66 L.Ed.2d 571 (1981) (internal quotations and citation omitted);  *In re England,* 975 F.2d 1168, 1171 (5th

district court remanded this case to the bankruptcy court for consideration of several significant issues the resolution of which might cause an amendment of the bankruptcy court's decision and modification of the bankruptcy injunction. The district court determined that the bankruptcy judge's decision is currently incomplete and not ready for execution until previously unaddressed issues are adjudicated. Thus, the district court's order and the bankruptcy court's order are not "final" within the meaning of § 1291.

The Supreme Court's recent decision in *Connecticut Nat'l Bank v. Germain*[6] does not change this result. *Germain* noted that "[s]ections 1291 and 158(d) do overlap, therefore, but each section confers jurisdiction over other cases that the other section does not reach".[7] It is precisely in that area of overlap, however, that jurisdiction fails in this case. The district court's order is not "final" under either § 158(d) or § 1291.[8]

---

Cir.1992).

[6] 503 U.S. ----, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992).

[7] *Id.* at ----, 112 S.Ct. at 1149, 117 L.Ed.2d at 397.

[8] We have previously observed that "finality" may be a stricter requirement under § 1291 than under § 158. *See, e.g., In re Wood & Locker, Inc.,* 868 F.2d 139, 144 (5th Cir.1989). We need not consider in this case whether the Supreme Court's holding in *Germain* calls that line of cases into doubt. Other circuits have acknowledged possible tension between *Germain* and the prior lines of authority without finding it necessary to resolve them. *See, e.g., In re Bonner Mall Partnership,* 2 F.3d 899, 904 n. 11 (9th Cir.1993), *cert. granted sub nom. U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* --- U.S. ----, 114 S.Ct. 681, 126 L.Ed.2d 648 (1994), *removed from oral argument calendar,* --- U.S. ----, 114 S.Ct. 1367, 128 L.Ed.2d 44 (1994); *In re Gould,* 977 F.2d 1038, 1040-41 & n. 2 (7th Cir.1992).

*C. Appealability Under 28 U.S.C. § 1292*

The Supreme Court in *Connecticut Nat'l Bank v. Germain* held that an interlocutory order in a bankruptcy case which fails to meet the requirements of 28 U.S.C. § 158(d) may still be appealable if it meets the independent requirements of § 1292, which governs interlocutory appeals.[9] We must, therefore, consider whether § 1292 confers jurisdiction over this appeal.

We first conclude that the district court's remand order does not fall within § 1292(a)(1)'s provision allowing interlocutory appeals from orders "granting, continuing, modifying, refusing or dissolving injunctions". The district court's order did none of those things. The *bankruptcy* court may modify its own injunction after the remand, or it may not, but the district court here did not do so. Accordingly, § 1292(a)(1) provides no basis for an interlocutory appeal to this court. The remaining provisions of § 1292(a) are plainly inapplicable to this case. Finally, § 1292(b) provides no basis for appellate jurisdiction because the district court did not certify its decision for appeal.

III.

Whether we define "finality" under § 158 less stringently than under § 1291 or not, however, plainly the district court's remand order in this case fails either test.

[9] 503 U.S. at ----, 112 S.Ct. at 1150, 117 L.Ed.2d at 398 ("So long as a party to a proceeding or case in bankruptcy meets the conditions imposed by § 1292, a court of appeals may rely on that statute as a basis for jurisdiction".). *Germain* abrogated our holding in *In re Hester,* 899 F.2d 361, 365 (5th Cir.1990), and the cases cited therein, that "the bankruptcy appellate scheme embedded in 28 U.S.C. § 158 clearly supersedes 28 U.S.C. § 1291, and, by inference, also supersedes section 1292".

We conclude that the appellants' attempt to involve the court of appeals in this dispute is premature. The bankruptcy court is the appropriate forum in which to resolve those issues remanded to it by the district court, following which the ordinary appeals process to the district court and to this court will become available. For now, however, jurisdiction is lacking. Accordingly, we DISMISS this appeal.