IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-20262
Summary Calendar

---

In the Matter of:  RONALD A. PIPERI,

Debtor.

RONALD A. PIPERI,

Appellant,

versus

FIRST HEIGHTS BANK,

Appellee.

---

Appeal from the United States District Court for the
Southern District of Texas

(CA-H-92-385)

---

January 27, 1997
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

GARWOOD, Circuit Judge:

Debtor Ronald A. Piperi (Piperi) appeals the denial of his Motion for Stay or Abatement of Proceeding or Abstention under 11 U.S.C. § 305.  Piperi filed his motion for stay, abatement, or

---

[*]   Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

abstention because of his belief that a pending federal criminal investigation would impede his ability to assert various defenses in his bankruptcy proceedings. After a hearing, the bankruptcy court denied the motion. Piperi appealed the bankruptcy court's order to the district court. Before the district court issued a decision, Piperi was convicted as a result of the criminal investigation he complained of to the bankruptcy court. The district court subsequently dismissed his appeal as moot. Piperi appeals. We hold the bankruptcy court's denial of his motion is not appealable to the Court of Appeals under 28 U.S.C. §§ 158(d), 1291, or 1292 and therefore dismiss his appeal.

## Facts and Proceedings Below

Piperi is a former officer and director of First Savings Association of Orange (First Savings), which later became Champion Savings Association. In September 1988, First Heights Bank, FSB (First Heights) entered into a purchase and assumption transaction, acquiring substantially all of First Savings' assets and assuming its deposit liabilities and secured debt.

Piperi contends that, beginning in September 1988, he became the target of a criminal investigation conducted by the United States Department of Justice, the United States Attorney's office, and the Federal Bureau of Investigation. According to Piperi, the criminal investigation's scope included both his affiliation with First Savings and his personal finances.

2

Piperi filed a voluntary petition for bankruptcy under Chapter 11 on November 12, 1990, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. The bankruptcy court later granted his motion to convert his bankruptcy to a Chapter 7 proceeding and appointed a trustee.

On July 24, 1991, Piperi filed a motion styled "First Amended Motion for Stay or Abatement of Proceeding or Abstention under 11 U.S.C. § 305." The motion sought suspension of his main bankruptcy action and certain adversary proceedings. Piperi contends that he filed this motion because he feared that the pending federal criminal investigation would preclude him from asserting various claims and defenses in his bankruptcy proceedings (as the assertions would constitute a waiver of his Fifth Amendment rights).

On August 7, 1991, First Heights filed a response in opposition. Ray C. Wilson (Wilson), Creditors' Trustee for Mortgage Investment Company of El Paso and Associates Investment Company of El Paso also opposed Piperi's motion. The bankruptcy court conducted a hearing on August 28, 1991. At the hearing, the bankruptcy court "carried forward" evidence presented at an earlier hearing on July 24, 1991, and heard additional testimony. The bankruptcy court judge, finding that Piperi "put on no evidence as to the status of an investigation of the Debtor, and was unable to produce any evidence showing affirmatively that the Debtor is the target of an investigation, other than the testimony of the

3

Debtor's attorney that he was involved in 'conversations' with officers of the Department of Justice," held that Piperi had not met his burden to demonstrate "reasonable cause to apprehend a real danger of incrimination" and denied his motion as to both his main bankruptcy action and the adversary proceedings.[1]

Piperi filed a notice of appeal to the United States District Court for the Southern District of Texas on January 6, 1992. Piperi's appeals of the denial of his motion for stay, abatement, or abstention in the First Heights and Wilson adversary proceedings were consolidated by the district court.

In November 1994, Piperi was convicted for certain of his activities involving First Savings and First Heights. The conviction came about as a result of the same criminal investigation and indictment that he complained of to the bankruptcy court.

In light of Piperi's conviction, on August 17, 1995, the district court dismissed the consolidated appeal as moot. Piperi filed a timely notice of appeal. We dismiss his appeal.

## Discussion

Though neither Wilson nor First Heights object to the

---

[1] Piperi does not dispute the bankruptcy court's characterization of the evidence presented at the two hearings. Rather, he argues that the testimony presented "constituted sufficient evidence for the Bankruptcy Court to reasonably infer or to use its judicial imagination to determine that Piperi had a sound basis for a reasonable fear of prosecution." The subsequent indictment (filed in federal district court on February 5, 1992) was not before the bankruptcy court at either hearing.

4

jurisdiction of this Court to hear this appeal for want of an appealable order,[2] we have the obligation to question subject matter jurisdiction *sua sponte*. *In re Greene County Hosp.*, 835 F.2d 589, 591 (5th Cir.), *cert. denied*, 109 S.Ct. 64 (1988); *In re Bowman*, 821 F.2d 245, 246 (5th Cir. 1987). Piperi, without elaboration, contends that we have jurisdiction under 28 U.S.C. § 158(d) because the bankruptcy court's denial of his motion seeking a stay, abatement, or abstention under 11 U.S.C. § 305 was a "final order." Piperi is wrong on both counts: First, the plain language of 11 U.S.C. § 305(c) provides that a bankruptcy court's denial of such a motion is not appealable to the court of appeals; second, a bankruptcy court's refusal to stay its own proceedings is not an appealable order under 28 U.S.C. §§ 158(d), 1291, or 1292.

Section 158(d) governs the jurisdiction of this Court over bankruptcy appeals. Section 158(d) provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final

---

[2]    On July 30, 1996, First Heights filed with this Court a Motion To Dismiss Appeal as Moot. A motions panel of this Court entered an order denying the motion on August 28, 1996, and granted First Heights' alternative motion to extend the date for submission of its brief. The interlocutory action of the motions panel does not preclude our jurisdictional inquiry. *See United States v. Bear Marine Servs.*, 696 F.2d 1117, 1119-20 & n.6 (5th Cir. 1983) (holding that a motions panel's refusal to dismiss an appeal does not preclude the merits panel from reconsidering the existence of appellate jurisdiction). On October 28, 1996, First Heights filed a Notice of Intent Not To File a Brief, stating that "First Heights has been unable to discern any practical result that would follow from a decision on this appeal."
    Wilson, the remaining party to this appeal, has not filed a brief.

decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section." 28 U.S.C. § 158(d). Unlike the district courts, which have discretionary jurisdiction to hear interlocutory appeals from bankruptcy matters, 28 U.S.C. § 158(a), the courts of appeals have no jurisdiction over interlocutory bankruptcy appeals under section 158(d). The courts of appeal may hear interlocutory bankruptcy appeals only if the appeal meets the conditions of 28 U.S.C. § 1292. *Connecticut Nat'l Bank v. Germain*, 112 S.Ct. 1146, 1149-50 (1992).[3] Piperi's ability to bring this appeal of the bankruptcy court's denial of his motion depends on his ability to meet the requirements of either section 158(d) or section 1292.

## I. 11 U.S.C. § 305

Piperi's "First Amended Motion for Stay or Abatement of Proceedings or Abstention under 11 U.S.C. § 305" prayed for statutory relief provided by section 305(a)(1). Section 305(a)(1) states:

"(a) The court, after notice and a hearing, may dismiss

---

[3] Prior to *Germain*, this Circuit, and many others, held that section 158(d) provided the *exclusive* jurisdictional basis for bankruptcy appeals. Therefore, under prior law, an appeal could be taken "only if the underlying bankruptcy court order was final." *In re Delta Servs. Indus.*, 782 F.2d 1267, 1268 (5th Cir. 1986); *see also In re Barrier*, 776 F.2d 1298, 1299 (5th Cir. 1985) (citing *In re Teleport Oil Co.*, 759 F.2d 1376, 1378 (9th Cir. 1985) (noting that "the availability of mandamus jurisdiction . . . and the less stringent definition of finality applied under § 158 limit any potential hardship caused by denying bankruptcy appellants access to this court through § 1292")).

a case under this title, or may suspend all proceedings in a case under this title, at any time if—
    (1) the interests of creditors and the debtor would be better served by such dismissal or suspension . . ."  11 U.S.C. § 305(a).

The bankruptcy court declined to grant the relief sought under section 305(a) and denied Piperi's motion for the reasons set forth above.  Piperi now appeals the bankruptcy court's denial.  Piperi's appeal, however, is barred by the plain language of section 305(c), a subsection strikingly absent from Piperi's brief.  Section 305(c) provides:

> "(c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, *or a decision not so to dismiss or suspend*, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of title 28 or by the Supreme Court of the United States under section 1254 of title 28."  11 U.S.C. § 305(c) (emphasis added).

We find the bankruptcy court's denial of Piperi's motion brought under section 305 to be unappealable to this Court for a very persuasive reason—Congress told us so.  *See In re Covey*, 650 F.2d 877, 879-80 (7th Cir. 1981) (finding the "statutory prohibition [of section 305(c)] against appellate review is clear and, therefore, conclusive"); *see also In re Rimsat*, 98 F.3d 956, 962 (7th Cir. 1996); *In re Goerg*, 930 F.2d 1563, 1565-66 (11th Cir. 1991); *In re Axona Int'l Credit & Commerce Ltd.*, 924 F.2d 31, 35 (2d Cir. 1991); *In re Taylor*, 913 F.2d 102, 104 n.1 (3d Cir. 1991).  As section 305(c) precludes Piperi from pursuing his appeal to this Court either under section 158(d), 1291, or 1292, we dismiss his appeal.

7

II. Other Bases of Jurisdiction

Even were we to assume that Piperi did not rely solely on the statutory authority provided by section 305(a)[4] in his motion for the bankruptcy court to suspend its proceedings in his main bankruptcy case and in the two adversary proceedings, and relied instead on the inherent authority possessed by the bankruptcy court to control its docket, we would nevertheless conclude that its refusal to suspend its own proceedings was neither a final order within the meaning of section 158(d) or 1291 nor appealable under section 1292.

First, section 1292 is plainly inapplicable. The district court's dismissal of Piperi's motion as moot was not an order "granting, continuing, modifying, refusing or dissolving [an] injunction[]" as set forth in section 1292(a)(1).[5] An injunction is qualitatively different from the stay/abatement/abstention sought by Piperi. "An order by a federal court that relates only to the conduct or progress of litigation before that court

---

[4] There is absolutely no evidence in the record to suggest that Piperi relied on any other ground. Piperi's motion was captioned as a prayer for relief pursuant to section 305. The hearings conducted by the bankruptcy court judge were silent as to the statutory basis for Piperi's motion. The only basis cited in Piperi's brief on appeal to the district court was section 305. Piperi's brief before this Court similarly relies exclusively on section 305.

[5] Section 1292(a)(1) is the only subsection even potentially applicable to Piperi's appeal. The remaining subsections—dealing with receiverships (section 1292(a)(2)) and admiralty cases (section 1292(a)(3))—are inapposite. There has been no section 1292(b) certification by the district court.

8

ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 108 S.Ct. 1133, 1138 (1988). The Supreme Court in *Gulfstream* abandoned the *Enelow-Ettelson* doctrine—the only possible ground that Piperi might have (but did not) asserted as supporting jurisdiction.[6] Although the Supreme Court acknowledged that section 1292(a)(1) "will, of course, continue to provide appellate jurisdiction over . . . orders that have the practical effect of granting or denying injunctions," *id.* at 1143, we have stated that "[t]he question is not whether a stay can have the same result as an injunction, but whether the stay has the effect of denying an injunction—such as when a court stays proceedings in which one party seeks a preliminary injunction," *Birenbaum*, 860 F.2d at 171. No such circumstances are present here. *See In re Nichols*, 21 F.3d 690, 693 (5th Cir.), *cert. denied*, 115 S.Ct. 422 (1994).

Second, the denial of a stay is not a final order. We have held that "bankruptcy court orders that conclusively determine substantive rights of parties [are] final and appealable," *Delta*

---

[6]    Under the *Enelow-Ettelson* doctrine, an order by a federal court staying or refusing to stay its own proceedings was appealable under section 1292(a)(1) if (1) the action in which the order was entered was by its nature an action at law, and (2) the order either arose from or was based upon an equitable defense or counterclaim. *Gulfstream*, 108 S.Ct. at 1139; *see Rauscher Pierce Refsnes, Inc. v. Birenbaum*, 860 F.2d 169, 170-71 (5th Cir. 1988) (discussing the effect of *Gulfstream* on the *Enelow-Ettelson* doctrine); *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 418 (5th Cir. 1985).

*Servs.*, 782 F.2d at 1270, and that "orders that constitute only a preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposition of the estate's assets [are] interlocutory and not appealable," *id.* at 1270-71. Examples of "final" orders include orders granting a defendant's summary judgment motion and dismissing a complaint, *In re County Management, Inc.*, 788 F.2d 311, 312 (5th Cir. 1986), recognizing a creditor's security interest, *In re Lift & Equip. Serv., Inc.*, 816 F.2d 1013, 1015 (5th Cir. 1987), disallowing an exemption, *Delta Servs.*, 782 F.2d at 1270, dismissing an objection to discharge, *id.*, and granting relief from the automatic stay, *id.; see also Greene County*, 835 F.2d at 595 & n.22. Examples of interlocutory orders include orders winding up a partnership prior to the final turnover, *In re Moody*, 825 F.2d 81 (5th Cir. 1987), overruling certain objections to a disclosure statement in anticipation of confirmation of a Chapter 11 reorganization plan, *In re First Fin. Dev. Corp.*, 960 F.2d 23, 25-26 (5th Cir. 1992), appointing an interim trustee, *Delta Servs.*, 782 F.2d at 1271, authorizing a special master to negotiate a sale of assets, *id.*, denying confirmation of Chapter 13 plan, *id.*, and denying trustee's conversion motion, *id.; see also Greene County*, 835 F.2d at 595 & n.23.

In similar contexts we have determined that a bankruptcy court's denial of a request for a stay—and a district court's

subsequent decision to deny a stay pending appeal—were not "final orders." *See In re Hester*, 899 F.2d 361, 365 (5th Cir. 1990); *In re First South Savings Assoc.*, 820 F.2d 700, 708 (5th Cir. 1987); *In re Barrier*, 776 F.2d 1298, 1299 (5th Cir. 1988) (citing *In re Emerald Oil Co.*, 694 F.2d 88 (5th Cir. 1982)).[7]

The present appeal is no less interlocutory. The bankruptcy court's order denying Piperi's motion was not "'one in which nothing remain[ed] to be done but the mechanical entry of judgment by the trial court.'" *In re Nichols*, 21 F.3d at 692 (quoting *In re Bowman*, 821 F.2d 245, 247 (5th Cir. 1987)); *see also In re County Management*, 788 F.2d at 313 (requiring "a 'final determination of the rights of the parties to secure the relief they seek in this suit' for an order to be considered final"). To the contrary, the order (and the district court's order dismissing Piperi's appeal as moot) had the opposite effect of allowing the main bankruptcy case

---

[7]    We recognize that *Hester*, *First South*, and *Barrier* were decided prior to the Supreme Court's decision in *Germain* and reflect the former view of this Circuit that section 158(d) superseded sections 1291 and 1292 for bankruptcy appeals. *See In re El Paso Elec. Co.*, 77 F.3d 793, 794-95 (5th Cir. 1996) (discussing *Germain*'s impact on *Hester*'s articulation of bankruptcy appellate jurisdiction). Nevertheless, their reasoning in this regard remains sound. As discussed above, a request for a stay is not the same as a request for an "injunction" for the purposes of section 1292. And as section 1291 employs, if anything, a *stricter* standard for finality than section 158(d), *see In re Nichols*, 21 F.3d 690, 692 & n.8 (5th Cir. 1994) (discussing the stricter standard of finality under section 1291 and the effect of *Germain*, if any, on the distinction); *In re Wood & Locker, Inc.*, 868 F.2d 139, 144 (5th Cir. 1989), the availability of section 1291 as an avenue for appeal is of no help to Piperi.

11

and the adversary proceedings *to continue*.[8]  As "significant further proceedings" on the merits were the natural result of the bankruptcy court's order, we hold that it was not a final order and therefore is not appealable to this Court pursuant to either section 158(d) or 1291.[9]  Piperi must contest the propriety of the denial of his motion to stay, if at all, on an appeal of a final order entered in his main bankruptcy case or in either of the adversary proceedings.[10]

---

[8]   And continue they did.  Piperi acknowledges that judgments have been entered in the main bankruptcy case and both adversary proceedings.

[9]   Nor do we believe that Piperi can find solace in the collateral order doctrine (or "*Forgay-Conrad* rule").  The collateral order doctrine, with its genesis in *Cohen v. Beneficial Indus. Loan Corp.*, 69 S.Ct. 1221 (1949), and *Forgay v. Conrad*, 46 U.S. (6 How.) 201 (1848), provides a "narrow exception" for prejudgment orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 69 S.Ct. at 1225.  To come within the collateral order doctrine, "'an order must at a minimum satisfy three conditions:  [1] it must conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, [3] be effectively unreviewable on appeal from a final judgment.'"  *In re Delta Servs.*, 782 F.2d at 1272 (quoting *Richardson-Merrell, Inc. v. Koller*, 105 S.Ct. 2757, 2761 (1985) (internal quotations omitted)). The requirements are conjunctive.  *Id.*  At a minimum, Piperi fails under the third prong.

[10]   We observe that a different panel of this Court dismissed Piperi's appeal of the bankruptcy court's denial of his motion to stay his main bankruptcy proceeding as moot.  *In re Piperi*, No. 96-20114 (5th Cir. Sep. 12, 1996).  As the parallel proceedings that Piperi complained of to the lower courts have indeed concluded, we agree that it appears as though his appeal of the denial of his motion for a stay of those proceedings is moot.

12

## Conclusion

Because Piperi's appeal of the denial of his motion brought under 11 U.S.C. § 305 is barred by statute, and because the bankruptcy court's order was an interlocutory order not appealable under 28 U.S.C. §§ 158(d), 1291, or 1292, we DISMISS his appeal.

DISMISSED

---

As we have determined that Piperi must appeal the bankruptcy court's action, if at all, on appeal of a final order in the main bankruptcy or in the adversary proceedings, his only alternative is the "extraordinary remedy" of a writ of mandamus (which Piperi has not requested). As the writ of mandamus "is not a means of correcting the district court's unappealable orders," *Hester*, 899 F.2d at 367, but rather an extraordinary and discretionary remedy to be reserved for "clear abuse[s] of discretion amounting to a judicial usurpation of power," *First South*, 820 F.2d at 707, we have very considerable doubt as to whether Piperi's situation now meets the requirements for its issuance, particularly as there is nothing to suggest that the main bankruptcy or either adversary proceeding remains pending.

13