**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-20265
Summary Calendar
_____

In the Matter of: RICHARD L. CHARLES; SHAUNA CHARLES,

Debtors.

_____

RICHARD L. CHARLES; SHAUNA CHARLES,

Appellants,

VERSUS

METLIFE; ALLEN CENTER COMPANY;
ALLEN CENTER COMPANY #2; TIM MONROE,

Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas

(H-98-CV-3715)

_____

November 23, 1999

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a district court order in a matter that had been appealed from a bankruptcy court. Having determined that we have no jurisdiction, we dismiss the appeal.

The Appellants, Richard and Shauna Charles are post-confirmation Chapter 13 debtors. One of the assets of the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

bankruptcy estate is an adversary action by the Charleses against Appellees Metlife, Allen Center Company, Allen Center Company #2 and Tim Monroe (referred to collectively as "Metlife") arising out of a landlord/tenant dispute. Metlife filed a motion in the bankruptcy court to enforce a purported settlement of that dispute. The bankruptcy court denied the motion and remanded the adversary proceeding to state court. On appeal, the district court vacated the bankruptcy court's order denying the motion to enforce the settlement, vacated the order remanding the adversary proceeding to state court and remanded the case to the bankruptcy court to determine whether the settlement agreement should be approved.

Our jurisdiction in this bankruptcy matter is limited to final decisions, judgments, orders, and decrees entered by the district court. *See* 28 U.S.C. § 158(d). "Unlike a district court, which has discretion to take jurisdiction over interlocutory appeals from the bankruptcy court, see 28 U.S.C. § 158(a), we have no such discretion and are limited to reviewing only final orders." *Andrews & Kurth L.L.P. v. Family Snacks, Inc. (Matter of Pro-Snax Dist.)*, 157 F.3d 414, 420 (5th Cir. 1998). "[W]hen a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not 'final' and therefore not appealable under [28 U.S.C.] § 158(d)." *Conroe Office Building Ltd. v. Nichols (Matter of Nichols)*, 21 F.3d 690, 692 (5th Cir. 1994). Appellants contend, in the alternative, that this court can exercise jurisdiction pursuant to 28 U.S.C. § 1291 (1993). For § 1291 purposes, a

2

district court order must likewise be final, that is, a decision that ends the litigation on the merits and leaves nothing for the district court to do but execute judgment.  *See id.*

Because the district court order that forms the basis of this appeal is not final, we have no jurisdiction and must dismiss the appeal.

APPEAL DISMISSED.