United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 27, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 02-60306

————————

In Re: BOBBY RAY FOUST; CATHY FOUST

Debtors

-------------------------------------------------

GERALD L. SEAL; DIANE E. SEAL,

Appellees,

versus

BOBBY RAY FOUST; CATHY FOUST,

Appellants.

---

Appeal from the United States District Court
For the Southern District of Mississippi
USDC No. 1:01-CV-63-GR

---

Before EMILIO M. GARZA and DENNIS, Circuit Judges, and VANCE,* District Judge.

PER CURIAM:**

    Appellants, Bobby Ray and Cathy Foust, appeal from the district court's reversal of the

---

*District Judge of the Eastern District of Louisiana, sitting by designation.

**Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bankruptcy court's decision holding Appellees, Gerald and Diane Seal, liable for failing to turn over property of the Fousts' bankruptcy estate. The district court concluded the Seals "may [have been] entitled" to adequate protection of their interests prior to turnover of the property to the estate. The district court also reversed on the issue of damages, remanded for further development of expert testimony regarding valuation, and remanded for consideration of the Seals' advice of counsel defense. The Fousts appealed the district court's decision to this Court. The parties did not contest our jurisdiction. Therefore, we now raise the issue of jurisdiction *sua sponte*. *Mosley v. Cozby*, 813 F.2d 659 (5th Cir. 1987). We find that the district court's decision is not a "final decision" under 28 U.S.C. § 158(d), and we dismiss the appeal for lack of jurisdiction.

We have jurisdiction to hear "appeals from all final decisions, judgments, orders, and decrees." 28 U.S.C. § 158(d). "[W]hen a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not 'final' and therefore not appealable under § 158(d)." *In re Nichols*, 21 F.3d 690, 692 (5th Cir. 1994) (citing *In re Bowman*, 821 F.2d 245 (5th Cir. 1987)).

In determining what constitutes significant further proceedings, we draw a distinction between remands that require the bankruptcy court to perform "judicial functions" and those that require mere "ministerial functions." *See In re Caddo Parish-Villas South, Ltd.*, 174 F.3d 624, 627-28 (5th Cir. 1999). Remands requiring only ministerial functions by the bankruptcy court, for example the mechanical entry of judgment, are final orders. *Id*. Remands requiring judicial functions by the bankruptcy court, for example additional fact-finding, are not final orders and, as such, are not appealable to this Court. *See In re Aegis Specialty Mktg., Inc.*, 68 F.3d 919, 921 (5th Cir. 1995).

In this case, the district court reversed and remanded to the bankruptcy court for further

consideration of adequate protection, expert testimony regarding valuation, and the Seals' advice of counsel defense. These issues constitute significant further proceedings because the bankruptcy court is required to do more than simply enter judgment. *See In re Bowman*, 821 F.2d at 247 ("Because the district court's order remanded the case for further factual findings, it fell 'far short of finally resolving the dispute between these plaintiffs and defendants.'" (quoting *In re County Mgmt., Inc.*, 788 F.2d 311, 313 (5th Cir. 1986)); *In re Nichols*, 21 F.3d at 692.

An alternative avenue for jurisdiction in this case is 28 U.S.C. § 1291, which governs appeals from final judgments of district courts. The district court's decision is not final under 28 U.S.C. § 1291 for the same reasons the district court's decision is not final under 28 U.S.C. § 158(d). *See In re Nichols*, 21 F.3d at 692. Finally, this case does not meet the standards for an interlocutory appeal, *see* 28 U.S.C. § 1292(a), and the district court did not certify its decision for interlocutory appeal. *See* 28 U.S.C. § 1292(b).

Accordingly, we DISMISS this appeal for lack of appellate jurisdiction.