**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 2, 2006**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30373
Summary Calendar

_____

JOHNNY L JOHNSON,

Plaintiff - Appellant,

v.

CROWN ENTERPRISES INC, ET AL,

Defendants,

KEVIN MEDINE, MICHAEL CAMPESI and LOUIS JORDAN,

Appellees.

_____

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:01-CV-481

_____

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Appellant Johnny L. Johnson challenges the district
court's denial of his motion to amend his complaint to include the
individual Appellees. Because this court lacks jurisdiction to
reach the merits of Johnson's appeal, we DISMISS.

## I. BACKGROUND

The facts are undisputed. On June 15, 2001, Johnson

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

filed a lawsuit pursuant to Title VII of the Civil Rights Act of 1964. Johnson alleged that he was terminated because of his race. On July 23, 2002, the district court issued an order permitting Johnson to amend his complaint for the purposes of including a claim under 42 U.S.C. § 1981. On October 10, 2003, the district court dismissed all claims, including the § 1981 claim, as not timely filed. Johnson timely appealed to this court. On February 15, 2005, this court reversed the district court to allow Johnson to state a cause of action under § 1981, relating back to the original Title VII claim. Post-reversal, Johnson sought to amend his complaint to include the individual Appellees, who at no point were named as parties to the original suit. The district court denied Johnson's motion to amend his complaint. Johnson now appeals, seeking relief from the district court's denial of his motion to amend his complaint to include these Appellees.

## II. DISCUSSION

Before reaching the merits, this court must consider whether we have appellate jurisdiction over the district court's order denying Johnson's motion to amend his complaint. Because no certificate of appealability was issued by the district court under FED. RULE CIV. PROC. 54(b), we turn our attention to jurisdiction granted under 28 U.S.C. § 1291. Section 1291 states that, "[t]he court of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States." The

2

Supreme Court has held that "a decision is ordinarily considered final and appealable under § 1291 only if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Quackenbush v. Allstate Ins. Co. 517 U.S. 706, 712, 116 S. Ct. 1712, 1718 (1996). It is well settled that orders granting or denying motions to add parties are not final within the meaning of § 1291. See McClune v. Shamah, 593 F.2d 482 (3d Cir. 1979); see also Fowler v. Merry, 468 F.2d 242, 243 (10th Cir. 1972) ("Although an order refusing or permitting the filing of an amended complaint joining an additional party is a discretionary action by the trial court and subject to appellate review as part of an ultimate judgment, the order itself is not appealable as such in isolation.").

Under the collateral order doctrine, an exception to the final order requirement is limited to decisions that are "conclusive, that resolve important questions separate from the merits, and are effectively unreviewable on appeal from the final judgment in the underlying action." Swint v. Chambers County Comm'n, 514 U.S. 35, 42, 115 S. Ct. 1203, 1208 (1995). We are not persuaded that this case presents a situation indicating allowable review under the collateral order doctrine.

In the instant case, nothing in the district court's ruling prevents Johnson from pursuing his § 1981 claim against Dixie Harvesting Company, one of the original Defendants. However, this court lacks jurisdiction over Johnson's appeal to amend his

3

complaint and therefore, his appeal is dismissed.

**DISMISSED.**