# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20657

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2019

Lyle W. Cayce
Clerk

CAROLYN R. DAWSON,

Plaintiff - Appellant

v.

THE BANK OF NEW YORK MELLON, formerly doing business as The Bank of New York, as Trustee for the Benefit of the Certificate Holders of the CWABS, Inc., Asset Backed Certificates, Series 2006-SD1; SHELLPOINT MORTGAGE, L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2846

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Carolyn Dawson filed suit challenging Defendants' foreclosure of her property, in violation of a March 5, 2014 district court dismissal and preclusion order prohibiting her from filing further actions regarding the property. Dawson sought leave to amend her complaint, which the court denied in a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20657

management order on September 13, 2018.  On September 24, 2018, Dawson filed a notice of appeal from this management order.  Dawson additionally moves this court for an emergency stay of the district court's order to vacate the property.

"Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b)." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993).

The September 13, 2018 management order denying Dawson's motion to amend her complaint is not a final judgment, an interlocutory order appealable under § 1292(a), nor was it certified as final under Rule 54(b) or § 1292(b).  *See* 28 U.S.C. §§ 1291, 1292; FED. R. CIV. P. 54(b); *see also Wells v. S. Main Bank*, 532 F.2d 1005, 1006 (5th Cir. 1976) ("Denial of leave to amend pleadings is ordinarily not final for purposes of appeal.").  Dawson contends that the court can review the management order under the collateral order doctrine, which allows the appeal of certain other interlocutory matters under § 1291.  To be appealable under the collateral order doctrine, an "order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).  Contrary to Dawson's argument, the collateral order doctrine does not permit appeal of a management order denying a motion to amend a complaint because such an order is reviewable by this court following a final

2

judgment. *See Pan E. Exploration Co. v. Hufo Oils*, 798 F.2d 837, 840 (5th Cir. 1986) ("[T]he major characteristic of collateral orders [is] that unless it can be reviewed before the proceedings terminate, it can never be reviewed at all.") (internal quotation marks omitted); *see also Johnson v. Crown Enterprises Inc.*, 178 F. App'x 393, 394 (5th Cir. 2006) (stating that orders granting or denying motions to add parties are not appealable under the collateral order doctrine). Accordingly, we are without jurisdiction to review the district court's denial of Dawson's motion to amend her complaint. *See Askanase*, 981 F.2d at 809-10.

The Federal Rules of Appellate Procedure state that a "notice of appeal . . . must designate the judgment, order, or part thereof appealed from." FED. R. APP. P. 3(c). Dawson's notice of appeal designates only the September 13, 2018 management order. We are therefore deprived of appellate jurisdiction to consider any other orders Dawson discusses in her brief. *See Trust Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1485 (5th Cir. 1997) ("[W]here a party designates in the notice of appeal particular orders only (and not the final judgment), we are without jurisdiction to hear challenges to other rulings or orders not specified in the notice of appeal.").

Dawson's appeal is DISMISSED for lack of jurisdiction. Accordingly, because there is no appeal pending, her motion for stay is DENIED. *See In re Barrier*, 776 F.2d 1298, 1299 (5th Cir. 1985) (providing that Federal Rule of Appellate Procedure 8(a) "only authorizes stays pending appeals to this court").