

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2002

# Nextel Comm v. Margate

Precedential or Non-Precedential: Precedential

Docket No. 00-4282

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Nextel Comm v. Margate" (2002). *2002 Decisions.* Paper 602.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/602

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed September 24, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-4282

NEXTEL COMMUNICATIONS OF THE
MID-ATLANTIC, INC.,

        Appellant,

v.

CITY OF MARGATE, a Municipal Corporation of the
State of New Jersey; THE ZONING BOARD OF
ADJUSTMENT FOR THE CITY OF MARGATE,
NEW JERSEY; A. RALPH PERONE,

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 00-cv-05137)
District Judge: Honorable Joseph E. Irenas

Argued: February 25, 2002

Before: ROTH, FUENTES, and GIBSON,*
Circuit Judges.

(Filed: September 24, 2002)

_____

* The Honorable John R. Gibson, United States Court of Appeals for the
Eighth Circuit, sitting by designation.

For Appellee A. Ralph Perone

OPINION OF THE COURT

JOHN R. GIBSON, Circuit Judge:

Nextel Communications of the Mid-Atlantic, Inc., appeals from the denial of its motion for preliminary injunction against the City of Margate, New Jersey, the Zoning Board of Adjustment for the City of Margate, and A. Ralph Perone. The essence of Nextel's argument is that it is entitled to relief under the Federal Telecommunications Act of 1996, see 47 U.S.C. S 332(c)(7) (Supp. V 1999), as a result of the Defendants' efforts to reopen hearings on Nextel's construction of a previously approved telecommunications facility. Because Nextel's claims are not yet ripe, we vacate the district court's order and remand with directions to dismiss without prejudice.

On October 4, 1999, Nextel entered into a lease agreement with Margate Towers Condominium Association,

Inc. The agreement gave Nextel permission to place twelve communication antennas and an eight-foot by fourteen-foot equipment cabinet on the roof of Margate Towers, an eleven-story building containing condominium units. In anticipation of the lease agreement, Nextel submitted a Staff Committee Review Application to the Land Use Administrator for the City of Margate. Nextel also submitted an Application for Action by the Zoning Board, requesting a "D Variance" to allow construction of the twelve antennas and equipment cabinet. Both applications referred to an eight-foot by fourteen-foot equipment cabinet.

A hearing before the Zoning Board was scheduled and interested property owners were given public notice. Again, both the notice and hearing agenda stated the planned equipment cabinet measured eight feet by fourteen feet. At the hearing, however, Kevin Wolfe, a land surveyor testifying on behalf of Nextel, stated the equipment cabinet would measure five and one-half feet by fourteen feet. This testimony was in accordance with plans submitted to the Zoning Board (and placed on file with the City of Margate) by Nextel.

Following the hearing, the Zoning Board unanimously approved Nextel's application, specifically referring to the equipment cabinet as eight feet by fourteen feet in its Resolution and stating that "[t]he proposed installation will be virtually invisible to any neighbors or passer-by of this site." A Notice of Decision was issued by the Zoning Board indicating issuance of the Resolution and approval of the eight-foot by fourteen-foot equipment cabinet. The forty-five day period for appealing the Zoning Board's Resolution passed without any party bringing an action seeking review, see N.J. Ct. R. 4:69-6, and Nextel was issued a building permit on February 8, 2000.

While construction was underway, Perone, a former municipal court judge in Margate who occupied the top-floor condominium immediately under the equipment cabinet, and who owned other units, brought an action in New Jersey state court seeking preliminary injunctive relief precluding Nextel from going forward with the project. He complained that: (1) Nextel's work had already damaged the roof 's protective membrane, resulting in water damage to

one of his units, and that further damage was likely; (2) the "equipment shack," which Nextel refused to relocate, would constitute an eyesore interfering with his use and enjoyment of his units and reducing their market value; (3) the noise from the telecommunications facility would shatter his serenity and peace, interfere with his use and enjoyment of his units, and reduce their market value; and (4) potential health hazards would exist as a result of the electromagnetic field created by the antennas. The state court denied the application for a preliminary injunction on May 8, 2000, and construction was completed May 30, 2000.

On July 13, 2000, Nextel was issued a Notice of Violation and Order to Terminate by a construction official for the City of Margate. The Notice asserted that Nextel had failed "to install the roof top structure in accordance with prior approvals and the construction documents submitted." Specifically, the equipment cabinet was said to be "approximately 3 ft 6 inches higher and 4 ft wider than approved." The Notice also stated that no Certificate of Approval would be issued until the violations were corrected, and that a penalty of five hundred dollars per week would be imposed for every week after August 4, 2000, that the violation remained outstanding. Nextel states that it thereafter provided the construction official with a copy of the Resolution, with which the equipment cabinet was in compliance, but the Notice and Order were not rescinded. Nextel also filed revised "as built" plans showing the equipment cabinet as eight feet by fourteen feet, but the Zoning Board refused to approve them. Nextel then filed an appeal with the Atlantic County Board of Appeals. Around the same time, the City of Margate also served Nextel with two complaints for violating Land Use Ordinances by failing to build in accordance with Zoning Board approval.1

The Zoning Board sought a rehearing to address the situation. Nextel believed the Zoning Board had no

─────────────────────────────────────────────

1. Both Nextel's appeal to the Atlantic County Board of Appeals and the matter before the Margate Municipal Court have apparently been put on hold pending resolution of this rehearing.

authority to hold a second hearing, and apparently contacted John C. Matthews, the Zoning Board's attorney, to make that point. On September 19, 2000, Matthews replied with a letter to Nextel's attorney, asserting that it was "clear that the zoning board has the ability to address this situation," and that Nextel should reappear before the Zoning Board to "address the inconsistencies in[Nextel's] application and the ultimate size of the cabinet that was installed." Perone was also involved in this correspondence. On September 22, 2000, his attorney sent a letter to Matthews petitioning the Zoning Board to reconsider the Nextel application. In that letter, Perone's attorney stated that he was aware that: (1) "the City of Margate Subcode Official issued to Nextel a Notice of Violation and Order to Terminate"; and (2) that Nextel's attorney had written to Matthews arguing that it was unnecessary "for an applicant to return to the Board to be relieved of a condition of approval." Perone's attorney went on to state that "[s]hould Nextel fail to appear back before the Board when ordered to do so, the case law is clear that the Board has the authority to rescind the approval previously granted based upon the misrepresentation, whether intentional or inadvertent, made during the initial proceeding."

On September 26, 2000, Perone's attorney sent another letter to Matthews. That letter mentioned a September 22 letter sent by Nextel's attorney challenging Perone's right to petition the Zoning Board for rehearing and reiterated Perone's position on the matter. Finally, also on September 26, Matthews sent a second letter to Nextel's attorney, informing her that the Zoning Board had reviewed his letter of September 19, agreed with the contents of that letter, and was expecting Nextel "to come back before the Board on October 19, 2000 at 7:30 P.M. in order to have the Board reconsider this matter." The letter went on to state that "[t]here was clearly a mistake involving this application," because both the plans submitted by Nextel and the testimony of Nextel's witness at the hearing, referred to an equipment cabinet measuring five feet by fourteen feet, while the actual cabinet was "far larger." The letter closed by stating that if Nextel chose not to appear, "the Board has the authority to reopen this matter on its own." The day of the rehearing, Nextel brought this action

5

in the district court, asserting that, among other things, the Zoning Board was discriminating against Nextel, prohibiting Nextel from providing services, and attempting to regulate placement of Nextel's equipment on the basis of concerns over radio frequency emissions, all in contravention of the Telecommunications Act of 1996.2 The telecommunications facility on top of Margate Towers remains up and running.

---

2. The Telecommunications Act of 1996 provides in relevant part:

      (7) Preservation of local zoning authority

(A) General authority

Except as provided in this paragraph, nothing in this chapter shall
limit or affect the authority of a State or local government or
instrumentality thereof over decisions regarding the placement,
construction, and modification of personal wireless service facilities.

(B) Limitations

(i) The regulation of the placement, construction, and modification of
personal wireless service facilities by any State or local government
or instrumentality thereof--

(I) shall not unreasonably discriminate among providers of
functionally equivalent services; and

(II) shall not prohibit or have the effect of prohibiting the provision
of personal wireless services.

(ii) A State or local government or instrumentality thereof shall act
on any request for authorization to place, construct, or modify
personal wireless service facilities within a reasonable period of time
after the request is duly filed with such government or
instrumentality, taking into account the nature and scope of such
request.

(iii) Any decision by a State or local government or instrumentality
thereof to deny a request to place, construct, or modify personal
wireless service facilities shall be in writing and supported by
substantial evidence contained in a written record.

(iv) No state or local government or instrumentality thereof may
regulate the placement, construction, and modification of personal
wireless service facilities on the basis of the environmental effects of
radio frequency emissions to the extent that such facilities comply
with the Commission's regulations concerning such emissions.

(v) Any person adversely affected by any final action or failure to act
by a State or local government or any instrumentality thereof that

6

I.

In Felmeister v. Office of Attorney Ethics, 856 F.2d 529
(3d Cir. 1988), we recognized that "[t]he ripeness doctrine,
like other justiciability doctrines, derives ultimately from
the requirement in Article III of the United States
Constitution that federal courts are only empowered to
decide cases and controversies. 'Even when the
constitutional minimum has been met, however, prudential
considerations may still counsel judicial restraint.' " Id. at
535 (quoting Action Alliance of Senior Citizens v. Heckler,
789 F.2d 931, 940 n.12 (D.C. Cir. 1986)). Ripeness is an
issue we must raise sua sponte if the parties do not raise
it, id., and is applicable to cases involving motions for
preliminary injunction, see Acierno v. Mitchell , 6 F.3d 970,
973 (3d Cir. 1993).

The Supreme Court has explained that the basic rationale of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Lab. v. Gardner, 387 U.S. 136, 148-49 (1967). In analyzing ripeness we "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. at 149.

As to an issue's fitness for judicial review, we have previously stated that:

> Whether a question is fit for judicial review depends upon factors such as whether the agency action is

_____

> is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis. Any person adversely affected by an act or failure to act by a State or local government or any instrumentality thereof that is inconsistent with clause (iv) may petition the Commission for relief.

47 U.S.C. S 332(c)(7).

7

> final; whether the issue presented for decision is one of law which requires no additional factual development; and whether further administrative action is needed to clarify the agency's position, for example, when the challenged prescription is discretionary so that it is unclear if, when or how the agency will employ it.

Felmeister, 856 at 535-36 (internal quotation marks omitted) (quoting Action Alliance, 789 F.2d at 940). Applying those factors to the case before us here, we conclude the issues raised by Nextel are not fit for judicial review at this time.

To begin with, the process that Nextel challenges is not final. "[T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury . . . ." Williamson County Reg. Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 193 (1985). Here, the equipment cabinet remains up and running. While it is true that there was already one hearing resulting in a Resolution and that the Zoning Board has refused to approve the "as built" plans at this time, the possibility remains that the Zoning Board will approve the equipment cabinet as built following the rehearing. Cf. id. at 193-94 ("The Commission's refusal to approve the preliminary plat does not determine that issue;

it prevents respondent from developing its subdivision without obtaining the necessary variances, but leaves open the possibility that respondent may develop the subdivision according to its plat after obtaining the variances. In short, the Commission's denial of approval does not conclusively determine whether respondent will be denied all reasonable beneficial use of its property, and therefore is not a final, reviewable decision."); Felmeister, 856 F.2d at 537 ("It may be that plaintiffs' proposed advertisements will meet with the Committee's approval, and if that were the outcome of the agency action, there would indeed be no case or controversy to adjudicate because the concrete effects of the agency action would be favorable to plaintiffs."); 15 James Wm. Moore et al., Moore's Federal Practice S 101.76[1][c] (3d ed. 1997) (stating that one of the purposes of the rule requiring finality is to ensure"that the agency is not precluded from correcting any errors before

rendering a final decision"). Nextel argues it is challenging the Zoning Board's authority to reopen the hearings, but merely reopening the hearings, without more, does not violate the Telecommunications Act of 1996, and violation of the Telecommunications Act of 1996 forms the basis of our jurisdiction here.

In Felmeister we concluded the second and third factors in the fitness analysis weighed in favor of allowing the administrative process to go forward because "the case presented by plaintiffs not only requires additional factual development, but the Committee has not been given the opportunity to clarify its position in this case." 856 F.2d at 537. The same is true here. Should the Zoning Board interfere with the operation of Nextel's previously approved telecommunications facility, Nextel may well have claims arising under the Telecommunications Act of 1996 and perhaps incur significant damages. However, this can only be determined after the Zoning Board reaches its ultimate decision. Cf. id. ("[W]ithout administrative action by the Committee regarding the specific advertisements proposed by the plaintiffs, the Committee's position is not only unclear, it is purely hypothetical.").

As to the hardship to the parties of withholding court consideration, we have stated that "in order for the parties' hardship to be sufficient to overcome prudential interests in deferral, that hardship must be both immediate and significant." Id. Here, as we have stated, Nextel's telecommunications facility received the necessary administrative clearance, in addition to the Zoning Board's decision, and remains up and running. Nevertheless, Nextel claims that allowing the rehearing to go forward exposes it to hardship in the form of time and expense, as well as the possibility of further litigation. However, "we do not believe that such harm . . . is sufficiently strong to outweigh the unfitness for review we have already described." Id. at 538; cf. Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 735 (1998) ("The ripeness doctrine reflects a judgment that

the disadvantages of a premature review that may prove too abstract or unnecessary ordinarily outweigh the additional costs of--even repetitive--postimplementation litigation.").

9

## II.

In accordance with the above, we vacate the district court's order on Nextel's motion for preliminary injunction and remand with directions to dismiss Nextel's claims without prejudice.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

10