

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2004

# In Re: G-I Holdings

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re: G-I Holdings " (2004). *2004 Decisions*. Paper 98.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/98

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1546

———


IN RE: GI HOLDINGS, INC.
f/k/a GAF CORPORATION,

DEBTOR.

OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS,

Appellant

v.

THE BANK OF NEW YORK


———


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-CV-04275)
District Judge: Honorable William G. Bassler


———


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 3, 2004

Before: ALITO, BARRY, and FUENTES, Circuit Judges.

(Filed: December 6, 2004)


———

FUENTES, <u>Circuit Judge</u>.

This appeal grows out of a preliminary injunction issued by the Bankruptcy Court for the District of New Jersey in favor of Building Materials Corporation of America ("BMCA"), a subsidiary of the debtor G-I Holdings, Inc. The injunction barred the filing or prosecution of asbestos claims against BMCA and further prevented BMCA from refinancing its credit agreement with the Bank of New York ("BNY") without first providing notice to the Official Committee of Asbestos Claimants (the "Committee"). After BMCA in fact gave notice of a proposed refinancing, the Committee sought to modify the preliminary injunction by placing certain restrictions on the proposed refinancing, including a condition preventing BNY from acquiring new defenses that could be asserted against the Committee in the future. The Bankruptcy Court denied the Committee's request, and the District Court affirmed that denial on the grounds of ripeness.

We affirm substantially for the reasons expressed in the thorough and persuasive opinion of the District Court.[1] We add the following to underscore our own agreement with that decision.[2]

---

[1] We exercise plenary review over whether a claim is ripe for judicial review. <u>See</u> <u>Doe v. County of Centre, Pennsylvania</u>, 242 F.3d 437, 452 (3d Cir. 2001).

[2] We have considered BNY's arguments that we lack appellate jurisdiction over the District Court's order and find them unpersuasive. Jurisdiction lies for this appeal

First, as an initial matter, the Committee's suggestion that the justiciability requirement of ripeness is not relevant or otherwise less important in a proceeding involving modification of a preliminary injunction is incorrect. Although it is true that injunctive relief is intended to affect future conduct and guard against future injury, a federal court must still ensure that the justiciability requirements of Article III, including ripeness, are satisfied regardless of the type of relief sought. See Nextel Communications of Mid-Atlantic, Inc. v. City of Margate, 305 F.3d 188, 192 (3d Cir. 2002); Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 410 (3d Cir. 1992).

Second, we are unpersuaded by the Committee's argument that the acquisition of possible new defenses by BNY as a result of the refinancing creates a substantial controversy between the two parties "of sufficient immediacy and reality" to satisfy ripeness concerns. See Peachlum v. City of York, Pennsylvania, 333 F.3d 429, 434 (3d Cir. 2003) (internal citation and quotation omitted). As the District Court noted, whether the Committee may bring a claim against BNY, and thereby implicate any defenses BNY may acquire as a result of the refinancing, depends on the occurrence of several uncertain and contingent intervening events. This chain of hypotheticals presents a controversy too

___

pursuant to 28 U.S.C. § 1292(a)(1) because the District Court's order refused, on the grounds of ripeness, to modify or dissolve a preliminary injunction. The cases cited by BNY in support of its contention, In re Kassover, 343 F.3d 91 (2d Cir. 2003), and Conroe Office Bldg., Ltd. v. Nichols, 21 F.3d 690 (5th Cir. 1994), are simply not relevant to this matter as they did not involve the denial of a request to modify an injunction on justiciability grounds. Because we find that jurisdiction exists pursuant to 28 U.S.C. § 1292(a)(1), we need not decide whether jurisdiction also exists under 28 U.S.C. § 158(d).

remote for judicial review.

Moreover, our conclusion does not change based on the Committee's attempt to recharacterize its request as merely seeking to preserve the status quo, and not as a request for a premature adjudication of the merits of defenses that BNY may acquire through the refinancing. As the District Court noted, the Committee cannot claim that the injury it seeks to avoid is the mere acquisition of defenses by BNY, as opposed to the prospect of BNY's future use of such defenses.[3] In any event, to the extent that the Committee argues that it would be inequitable to permit BNY to acquire new defenses as a result of the refinancing, we note that it would be at least as inequitable to strip BNY of possible defenses without considering their validity in the first instance, a matter which is not yet ripe.

Finally, contrary to the Committee's speculation that the strategic balance may be altered by the refinancing, we do not see how the Committee has been "genuinely aggrieved" at this point. See Peachlum, 333 F.3d at 433-34. As the District Court noted, any potential harm to the Committee can only occur if and when BNY actually asserts a new defense in a suit by the Committee. The possibility that such a defense may actually

---

[3]The Committee's reliance on In re Int'l Power Sec. Corp., 170 F.2d 399 (3d Cir. 1948), and Breswick & Co. v. Briggs, 135 F. Supp. 397 (S.D.N.Y. 1955), is misplaced. The issue in this case is not whether injunctive relief may be granted to prevent a party from asserting a defense in pending litigation or to preserve assets pending resolution of an ownership dispute. We are faced instead with a threshold issue (ripeness) which must be resolved even before reaching such questions.

be asserted against the Committee, however, is neither imminent nor certain to occur.[4]

We have considered all of the arguments advanced by the Appellant and conclude that they are without merit. Accordingly, the judgment of the district court will be affirmed.

---

[4]To the extent that the Committee relies on a decision of the Bankruptcy Court issued after the District Court decision on appeal here, we do not consider it as the Bankruptcy Court's decision is not part of the record on appeal.