IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50068
_____


IN RE EL PASO ELECTRIC COMPANY,

Petitioner.


_____

Petition for Writ of Mandamus from the United States
District Court for the Western District of Texas
_____

February 27, 1996

Before JOLLY, DeMOSS, and STEWART, Circuit Judges:

PER CURIAM:

The petitioner, El Paso Electric Company ("El Paso"), a debtor in bankruptcy, seeks a writ of mandamus directing the United States District Court for the Western District of Texas, Austin Division, Nowlin, J. (the "district court"), to withdraw the reference to bankruptcy court of El Paso's action against Central and Southwest Corporation ("CSW") and CSW's action seeking declaratory judgment.[1] Those actions arise out of an unconsummated Agreement and Plan of Merger between CSW and El Paso (the "Agreement") that provided for CSW's acquisition of El Paso as a wholly-owned subsidiary. The Agreement formed the foundation of El Paso's Third Amended Plan of Reorganization, which was confirmed on December 8, 1993, by the

_____

[1]At our request, CSW has filed in this court a response to El Paso's petition.

United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Austin Bankruptcy Court"). On June 9, 1995, CSW sent El Paso a letter alleging breach by El Paso and terminating the Agreement. Both parties filed suit.

On June 9, 1995, El Paso filed suit in state district court in El Paso County, asserting various state law tort and contract claims against CSW arising from the failure to successfully complete the merger (the "Merger Agreement Action"). El Paso timely requested a jury trial. On June 15, 1995, CSW filed its Complaint for Termination Fees and for Declaratory Judgment in the district court to recover termination fees as administrative expenses under the Agreement (the "Administrative Expense Action"). On the same date, CSW removed the Merger Agreement Action from state court to the district court. Pursuant to 28 U.S.C. § 157(a) and a standing order of the district court, the district court automatically referred both proceedings to the United States District Court for the Western District of Texas, El Paso Division. By agreed order, both actions were subsequently transferred to the Austin Bankruptcy Court.

A flurry of motions, not directly relevant here, followed in the Austin Bankruptcy Court. On October, 19, 1995, El Paso filed two motions in the district court requesting the withdrawal of the reference to the Austin Bankruptcy Court of the Merger Agreement Action and the Administrative Expense Action. The district court denied the motions on November 15, 1995, reasoning that both

actions constituted "core proceedings" under 28 U.S.C. § 157 (b)(2)(C) and thus fell within the jurisdiction of the Austin Bankruptcy Court.

On November 27, 1995, El Paso filed with the district court two separate motions requesting the court to reconsider its November 15th orders denying the withdrawal of the reference. By orders dated December 11, 1995, the district court denied El Paso's motions to reconsider.

El Paso apparently has not sought the district court's certification for interlocutory appeal under 28 U.S.C. § 1292(b) of the "controlling question[s] of law" raised in its motions for withdrawal and for reconsideration. Instead, on January 29, 1996, El Paso filed this petition for mandamus, asserting that the district court's orders refusing to withdraw the reference of the cases to the bankruptcy court would deny El Paso its right to a trial by jury. We deny the writ.

I

A writ of mandamus issues only where the district court has committed a "clear abuse of discretion" or engaged in "conduct amounting to 'usurpation of power.'" Mallard v. United States District Court, 490 U.S. 296, 309 (1989). To be entitled to a writ, "petitioners must show that they lack adequate alternative means to obtain the relief they seek" and that their "right to issuance of the writ is 'clear and indisputable.'" Id.

Prior to the Supreme Court's recent opinion in Connecticut National Bank v. Germain, 112 S.Ct. 1146 (1992), we had held that we lacked jurisdiction under 28 U.S.C. § 158(d) to review district court orders as to bankruptcy matters when the order was not final. Hester v. NCNB Tex. Nat'l Bank, 899 F.2d 361, 365 (5th Cir. 1990) (finding lack of jurisdiction over appeal from district court order denying stay). Neither could we review such orders of the district court under 28 U.S.C. § 1292, governing interlocutory appeals. Id. Jurisdiction was lacking under § 1292, we had held, "because the bankruptcy scheme embedded in 28 U.S.C. § 158 clearly supersedes 28 U.S.C. § 1291, and, by inference, also supersedes section 1292." Id. Because no review was available, we viewed "mandamus [as] the only remedy available to Debtors seeking relief from [district court orders.]" Id. See also In re Jensen, 946 F.2d 369 (5th Cir. 1991) ("[W]e are persuaded that a writ of mandamus is an appropriate remedy to protect the valued right of trial by jury and to avoid costly, multiple trials.").

Since our opinion in Hester and In re Jensen, the United States Supreme Court has considered the jurisdiction of appeals courts to hear appeals of interlocutory orders issued by district courts sitting as appellate courts in bankruptcy matters. In Connecticut National Bank v. Germain, 112 S.Ct. 1146 (1992), the Supreme Court made it clear that § 1292 allows for circuit court review of an interlocutory order of a district court in a bankruptcy proceeding. The Court specifically found that § 158,

-4-

which gives the courts of appeals jurisdiction over appeals from all final orders of district courts sitting as appellate courts in bankruptcy, "is silent as to review of interlocutory orders." Id. at 1150. Because of this silence, the Court concluded, "[t]here is no reason to infer from either § 1292 or § 158(d) that Congress meant to limit appellate review of interlocutory orders in bankruptcy proceedings." Id.

Germain overrules our prior precedent as to interlocutory appeals. In the light of this intervening Supreme Court precedent, we conclude that El Paso could have sought certification from the district court of its order denying withdrawal of the reference. Consequently, we conclude that El Paso does not lack an "adequate alternative means to obtain the relief they seek" and is therefore not entitled to the extraordinary remedy of mandamus. Mallard v. United States District Court, 490 U.S. 296, 309 (1989). Furthermore, we are not convinced, with respect to the merits of its claim, that El Paso has demonstrated that their right to mandamus relief is clear and indisputable. Although we expressly do not pass on the merits of the underlying claim, on the basis of the record before us, we are unable to conclude that the district court erred in refusing to withdraw the reference. Accordingly, the petition for writ of mandamus is

D E N I E D.