**CHRYSLER FINANCIAL CORPORATION,** Petitioner,

v.

**Michael F. POWE, Theresa Moore Ballard, Respondents.**

**First Union Mortgage Corporation,** Petitioner,

v.

**Betty Ann Dean, Respondent.**

**PNC Mortgage Corp. of America,** Petitioner,

v.

**Reth Allen Smith, Sherry Ryland Smith, Respondents.**

Nos. 01–90036, 01–90039 and 01–90060.

United States Court of Appeals, Eleventh Circuit.

Nov. 19, 2002.

Jan T. Chilton, Severson & Werson, San Francisco, CA, C. Lee Reeves, Sirote &

Permott, P.C., Birmingham, AL, for Chrysler Financial Corp.

Steven L. Nicholas, Olen & Nicholas, P.C., Olen, Nicholas Copeland, Mobile, AL, Donald J. Stewart, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Mobile, AL, for Respondents.

Russell J. Pope, Pope & Hughes, Towson, MD, for First Union Mortgage Corp.

Thomas M. Hefferon, Goodwin, Proctor & Hoar, Washington, DC, for FNC Mortgage Corp. of America.

Before BIRCH and COX, Circuit Judges, and GEORGE,* District Judge.

GEORGE, District Judge:

Petitioners Chrysler Financial Corporation, First Union Mortgage Corporation, and PNC Mortgage Corporation of America are separately defendants in adversarial proceedings before a bankruptcy judge in which plaintiffs allege that petitioners violated the bankruptcy code by claiming and collecting attorneys' fees from them and other debtors. In each case, the bankruptcy judge granted class certification, and petitioners filed under Fed. R.Civ.P. 23(f) and Fed. R. Bankr.P. 7023(f) for review by this Court of those class certification orders. This Court raised *sua sponte* and directed briefing and argument on the common jurisdictional issue of whether a party may petition this Court to directly review a bankruptcy judge's order granting class certification. This is an issue of first impression.

---

* Honorable Lloyd D. George, U.S. District Judge for the District of Nevada, sitting by designation.

I. *Statutory and Rules Framework*

Fed.R.Civ.P. 23 governs the procedure for class actions in the United States district courts. *See* Fed.R.Civ.P. 1; Fed. R.Civ.P. 23. Furthermore, the Federal Rules of Civil Procedure apply to proceedings in bankruptcy to the extent provided by the Federal Rules of Bankruptcy Procedure. Fed.R.Civ.P. 81(a)(1).[1] In 1983, the Supreme Court prescribed, pursuant to 28 U.S.C. § 2075, the Bankruptcy Rules governing the practice and procedure in cases under Title 11, and those rules took effect on August 1, 1983. Fed. R. Bankr.P. 9032 provides:

The Federal Rules of Civil Procedure which are incorporated by reference and made applicable by these rules shall be the Federal Rules of Civil Procedure in effect on the effective date of these rules and as thereafter amended, unless otherwise provided by such amendment or by these rules.[2]

Effective December 1, 1998, Rule 23(f) was added to Fed.R.Civ.P. 23:

(f) Appeals. A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

The advisory committee's note to Rule 23(f) confirms that "[t]his permissive interlocutory appeal provision is adopted under the power conferred by 28 U.S.C. § 1292(e)." Fed.R.Civ.P. 23 advisory committee's note, 1998 amendments. Section 1292(e) reads:

(e) The Supreme Court may prescribe rules, in accordance with section 2072 of this title, to provide for an appeal of an interlocutory decision to the courts of appeals that is not otherwise provided for under subsection (a), (b), (c), or (d) [governing procedure and jurisdiction over interlocutory appeals from the district court].

Section 2072 confers on the Supreme Court "the power to prescribe general rules of practice and procedure and rules of evidence for cases in the Unites States district courts (including proceedings before magistrates thereof) and courts of appeals." 28 U.S.C. § 2072(a).

Section 2075—the provision pursuant to which the Supreme Court prescribed the Bankruptcy Rules in 1983—reads in pertinent part, "[t]he Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11." 28 U.S.C. § 2075.

II. *Authority to Incorporate Rule 23(f) into the Bankruptcy Rules*

Petitioners urge that under Fed. R. Bankr.P. 9032, Fed.R.Civ.P. 23(f) was au-

---

**1.** Prior to the 2001 amendments, Fed.R.Civ.P. 81(a)(1) provided that the Civil Rules "do not apply to proceedings in bankruptcy or proceedings in copyright under Title 17, U.S.C., except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States." The 2001 amendments restyled the reference to incorporation of the Civil Rules in the Federal Rules of Bankruptcy Procedure. Fed.R.Civ.P. 81 advisory committee's notes, 2001 amendments. This change has no effect on our jurisdictional analysis.

**2.** The 1991 amendment to Fed. R. Bankr.P. 9032 added the final four words "or by these rules," in order "to provide flexibility so that the Bankruptcy Rules may provide that subsequent amendments to a Federal Rule of Civil Procedure made applicable by these rules are not effective with regard to Bankruptcy Code cases or proceedings." Fed. R. Bankr.P. 9032 advisory committee's note, 1991 amendment.

tomatically incorporated into Fed. R. Bankr.P. 7023 upon Rule 23(f)'s adoption. When the Federal Rules of Civil Procedure are made applicable to cases under the Bankruptcy Code, Bankruptcy Rule 9002 provides that certain phrases take on different meanings unless they are inconsistent with the context. "District court," "trial court," "court," "district judge," or "judge" means "bankruptcy judge" if the case or proceeding is pending before a bankruptcy judge. Fed. R. Bankr.P. 9002(4). According to this substitution, petitioners argue that Bankruptcy Rule 7023(f) should be read:

A court of appeals may in its discretion permit an appeal from an order of a *bankruptcy judge* granting or denying class action certification under this rule if application is made to it within ten days after the entry of the order. An appeal does not stay proceedings in the *bankruptcy court* unless the *bankruptcy judge* or the court of appeals so orders.[3]

Petitioners also argue that Bankruptcy Rule 7023(f)'s authorization of discretionary interlocutory appeals to the courts of appeals from class certification orders entered by bankruptcy court judges is consistent with Rule 23(f)'s purposes.

Respondents dispute this court's authority to directly review class certification orders entered by bankruptcy judges on grounds of jurisdiction and implementa-

tion. The question calls on us first to determine whether authority exists to apply Rule 23(f) to the Bankruptcy Rules.

The advisory committee's note to Rule 23(f) recognizes that the permissive interlocutory appeal provision is adopted under the power conferred by 28 U.S.C. § 1292(e). Fed.R.Civ.P. 23 advisory committee's note, 1998 amendments. Section 1292(e) empowers the Supreme Court to prescribe rules "in accordance with section 2072" to provide for interlocutory appeals to the court of appeals not otherwise provided for in the previous subsections of § 1292. 28 U.S.C. § 1292(e). Section 2072 authorizes the Supreme Court to prescribe general rules of practice and procedure and rules of evidence for cases in the district courts (including proceedings before magistrates thereof) and courts of appeals. 28 U.S.C. § 2072.

Section 2075 expressly authorizes the Supreme Court to prescribe bankruptcy rules; § 2072 does not. Petitioners argue, however, that this difference does not suggest that Congress intended to limit the Supreme Court's rulemaking authority under §§ 1292(e) and 2072 to non-bankruptcy cases. According to petitioners, the language of § 1292(e) authorizing the Supreme Court to prescribe rules "in accordance with section 2072" incorporates § 2072's procedural requirements for adoption of rules of court, but not its sub-

---

**3.** As respondents point out, a strict substitution of terms pursuant to Rule 9002(4) fairs poorly with Rule 23(f). Their argument is based in part on Fed. R. Bank. P. 9002(2), which states that "appeal" means "an appeal as provided by 28 USC § 158." The resulting Rule 7023(f) would read:

The court of appeals may in its discretion permit *an appeal as provided by 28 USC § 158* from an order of a *bankruptcy judge* granting or denying class action certification under this rule if application is made to it within ten days after the entry of the order. An appeal does not stay proceedings

in the *bankruptcy judge* unless the *bankruptcy judge* or the court of appeals so orders. There is no dispute that § 158 provides for direct appeals of bankruptcy orders to the district court or to a bankruptcy appellate panel, not directly to the court of appeals. However, Rule 9002 does not permit the substitution of terms if "they are inconsistent with the context." Fed. R. Bankr.P. 9002. Therefore, setting aside the awkwardness of the wording of the last sentence, the rule may be read harmoniously if the substitution is not made for the word "appeal."

stantive, and therefore, jurisdictional, limits. The wording of § 1292(e), however, does not suggest any such procedural/substantive distinction, and petitioners have presented no authority to support it. Indeed, it is not § 2072, but § 2074, that governs the procedure for the Supreme Court's submission of § 2072–prescribed rules to Congress. Section 1292(e) makes no mention of § 2074. Therefore, petitioners' argument that § 1292(e) institutes only the procedural requirements for adoption of rules of court must fail.

Petitioners also submit that because § 2072 does not itself authorize the Supreme Court to adopt rules allowing appeals from non-final orders, § 1292(e)'s reference to § 2072 cannot be read to preclude application to bankruptcy cases. However, as § 2072 grants the Supreme Court substantive powers to prescribe rules for district courts and courts of appeals, its constraint upon authorizing the prescription of rules for interlocutory appeals under § 1292(e) must be read to apply to the same extent, or mean nothing at all.

Our characterization of the substantive import of § 1292(e)'s incorporation of § 2072 leads us to the central weakness in petitioners' argument that we have jurisdiction over the bankruptcy judge's class certification pursuant to Rule 23(f): If we construe § 2072 to authorize the prescription of rules for bankruptcy proceedings, we render § 2075 superfluous—an act inconsistent with the canons of statutory construction. *See Lyons v. Georgia–Pacific Corp. Salaried Employees Ret. Plan,*

221 F.3d 1235, 1246 (11th Cir.2000) (statutes should not be construed to render certain provisions superfluous or insignificant), *cert. denied,* 532 U.S. 967, 121 S.Ct. 1504, 149 L.Ed.2d 388 (2001).[4]

This is not a case of partially overlapping reaches of jurisdictional statutes as was encountered in *Connecticut National Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). In that case, the Supreme Court held that "giving effect to both §§ 1291 and 158(d) would not render one or the other *wholly* superfluous." *Id.* at 253 (emphasis added). A reading of § 2072 to grant authority to prescribe bankruptcy rules would make the entirety of § 2075 irrelevant.[5]

We also conclude that this construction would not deny efficacy to the purposes behind Rule 23(f). Rule 23(f) makes available an avenue of permissive appeal from a district court's class certification order in order to avoid the § 1292(b) requirements that "the district court certify the certification ruling for appeal," or that the district court find that the matter "involve[s] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* Fed.R.Civ.P. 23(f) advisory committee's note, 1998 amendments. However, the § 1292(b) requirements need not be satisfied when an interlocutory appeal is taken from the bankruptcy court to the district court. In such a case, the district court's discretion to entertain an interlocutory ap-

---

4. Petitioners argue that, by the same token, this construction writes Rule 23(f) out of the Bankruptcy Rules. The difference, however, is that pursuant to our analysis of the operation of §§ 1292(e) and 2072, Rule 23(f) was never written into the Bankruptcy Rules.

5. This would include not only the prescriptive first paragraph of § 2075, but also the paragraph that proscribes the abridgement, enlargement, or modification of any substantive right, and the paragraph governing transmittal procedure. Those latter paragraphs each expressly and exclusively apply to rules prescribed under § 2075.

peal from the bankruptcy court is analogous to the court of appeals' discretion to entertain a Rule 23(f) appeal from the district court. *See* 28 U.S.C. § 158(a). Thus, an appellate avenue to the district court free of the constraints of § 1292(b) already exists for a bankruptcy judge's class certification order. Nothing in Rule 23(f) suggests that a bankruptcy appeal to the district court would be inadequate, or that an appeal to the court of appeals should trump district court appellate jurisdiction over bankruptcy cases. In sum, the appellate avenue addressed by Rule 23(f) is already available to petitioners through an interlocutory appeal to the district court.[6]

Furthermore, if Rule 23(f) were applied to class certification orders in bankruptcy, litigants could appeal such orders simultaneously to the district court pursuant to 28 U.S.C. § 158(a) and to the court of appeals pursuant to Bankruptcy Rule 7023(f). That scenario, needless to say, is fraught with uncertainty.[7] Therefore, we also find practical value in recognizing that §§ 1292(e) and 2072 do not permit incorporation of Rule 23(f) into the Bankruptcy Rules.

Another consideration runs contrary to petitioners' contention that § 1292(e) authorizes the Supreme Court to prescribe

rules providing for discretionary appeals to this court of a bankruptcy judge's class certification determination. While not discussed by the parties, we note that the Supreme Court relied upon § 2075 as the jurisdictional basis for its orders prescribing Bankruptcy Rules and amendments. In its order of April 25, 1983, the Supreme Court expressly drew upon § 2075 for authority to prescribe the new Bankruptcy Rules. That Order also separately invokes § 2075 for authority to transmit the rules to Congress. Moreover, while the orders of the Supreme Court amending the Bankruptcy Rules do not specifically identify § 2075 as authority for prescribing the changes, the Supreme Court identifies § 2075 as authority to transmit the amendments to Congress. Therefore, given that the Supreme Court did not expressly identify § 2074, which authorizes transmittal of rules prescribed under § 2072, as joint authority with § 2075 for its transmittal of the amendments, there is no reason to think that the Supreme Court relied upon § 2072, even tacitly, as authority for prescribing the amendments.

### III. *Conclusion*

We conclude that Rule 23(f)'s application is limited by § 1292(e) to rules prescribed

---

**6.** The Eleventh Circuit, in an unpublished opinion, previously foreclosed an appeal of a district court's ruling on a bankruptcy judge's class certification order on the ground that the orders were not final or otherwise immediately appealable as of right. *See Homeside Lending, Inc. v. Sheffield,* No. 01–90031–B (11th Cir. Nov. 27, 2001) (citing 28 U.S.C. § 158); *cf. In re El Paso Elec. Co.,* 77 F.3d 793, 794 (5th Cir.1996) (upon certification, the court of appeals may hear appeals of interlocutory orders issued by the district court sitting as appellate court in bankruptcy matters) (citing *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)). This does not change our conclusion, however. Again, the advisory com-

mittee's note to Rule 23(f) indicates that the Rule was intended to provide an appellate avenue free of the limitations of § 1292(b); nothing in Rule 23(f)'s terms or the advisory committee's notes suggest that the Rule allows a permissive appeal from all class certification orders to the court of appeals, including those issued by a bankruptcy judge.

**7.** For instance, there would be confusion regarding the status of the district court's jurisdiction over an appeal of a bankruptcy judge's class certification order if and when the court of appeals exercises Rule 7023(f) jurisdiction, and, if the district court retains such jurisdiction, the risk of inconsistent determinations.

"in accordance with section 2072," which empowers the Supreme Court to prescribe rules in the United States district courts and courts of appeals. We further find that reading § 1292(e) and § 2072 to govern bankruptcy rulemaking would render the specific bankruptcy rulemaking provisions of § 2075 wholly superfluous and irrelevant. The Supreme Court has never identified § 2072 as its rulemaking authority when prescribing rules for practice and procedure in bankruptcy, and we decline to recognize that basis for jurisdiction here.[8]

The instant petitions for permission to appeal pursuant to Fed.R.Civ.P. 23(f) from class certification orders of the United States Bankruptcy Court for the Southern District of Alabama are therefore DISMISSED.

---

8. Our holding that there is no statutory authority under §§ 1292(e) and 2072 for the incorporation of Rule 23(f) into the Bankruptcy Rules makes it unnecessary for us to resolve whether such an incorporation would improperly expand the jurisdiction of the court of appeals. Nor need we address the timeliness or mootness issues of Chrysler Financial Corporation's and First Union Mortgage Corporation's petitions.