[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16182
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 22, 2005
THOMAS K. KAHN
CLERK

D.C. Docket Nos. 04-22076-CV-MGS & 00-50881-BKC-PG

IN RE: NICOLAS LAURENT,

Debtor.

----------------------------------------------------

NICOLAS LAURENT,

Plaintiff-Appellant,

versus

NANCY N. HERKERT,
Trustee, United States Trustee,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(August 22, 2005)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Nicolas Laurent, a Chapter 13 debtor proceeding pro se, appeals the district court's dismissal, for lack of subject matter jurisdiction, of his appeal from the bankruptcy court's Order Granting the Trustee's Motion to Redirect Payment. The district court concluded it did not have subject matter jurisdiction because Laurent failed to seek and obtain leave from the bankruptcy court prior to proceeding on appeal. Laurent argues the district court erred by dismissing his appeal because (1) he filed a timely motion for leave to appeal and a timely notice of appeal in the bankruptcy court, and (2) by its transmittal form, the bankruptcy court transferred the case to the district court, pursuant to Laurent's foregoing motion and notice of appeal.

We review determinations of law, whether made by the bankruptcy court or by the district court, de novo. See Equitable Life Assurance Soc'y v. Sublett (In re Sublett ), 895 F.2d 1381, 1383 (11th Cir. 1990). The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision. As the second court of review, our review of the district court's decision is entirely de novo. See id. at 1384. "We review a dismissal for lack of subject matter jurisdiction de novo." Carter v. Rodgers, 220 F.3d 1249, 1252 n.3 (11th Cir. 2000).

2

After thorough review of the record and careful consideration of the parties' briefs, we conclude the district court erred by dismissing Laurent's appeal for lack of jurisdiction, rather than granting or denying leave to proceed with the appeal. Accordingly, we vacate and remand for reconsideration consistent with this opinion.

The relevant facts are straightforward. On October 10, 2000, Laurent filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code. In his Chapter 13 Schedules, Laurent listed Hugo Martinez as a creditor whose interest Laurent described as follows: "lien in real property held as guardian . . . . Guardianship held for benefit of children real property held as guardian for children transferred over 4 years prior to filing." In the Fourth Amended Chapter 13 Plan, Laurent described the following: "Hugo Martinez (Mortgage on guardian home) This mortgage will be dealt with outside the Chapter 13 Plan as mortgage is not valid. This debt will be avoided." The Fourth Amended Plan did not provide for payments to Hugo Martinez but did provide for payment to holders of delinquent tax certificates secured on the guardianship home. The Fourth Amended Plan identified Bank Atlantic as one of these tax-certificate holders and stated the payments to Bank Atlantic would amount to $7,776.22.

Laurent did not file a complaint or motion to avoid Hugo Martinez's lien on the guardian home. After notice and an uncontested hearing, on September 6, 2001, the

3

bankruptcy court granted Martinez relief from the automatic stay to pursue a state-court claim concerning his rights in the guardian home. Martinez also was included in two more orders granting relief from the stay to certain creditors. Martinez then filed a mortgage foreclosure action in state court, which resulted in the issuance of a certificate of title, in Martinez's name, for the guardianship property.

During the pendency of the bankruptcy action, Martinez continued to make payments on the delinquent tax certificates secured by the property, but Bank Atlantic, pursuant to the automatic stay provisions, refused to accept the payments, instead forwarding them to the Chapter 13 Trustee. The Trustee, acting with explicit court authorization, then resubmitted the payments to Bank Atlantic, but Bank Atlantic refused the funds, again relying on the automatic stay.

After Laurent moved on numerous occasions to modify, amend, or for clarification of the Chapter 13 Plan and the Trustee filed multiple notices of delinquency, resulting from Laurent's failure to make the required payments under the Fourth Amended Plan and failure to provide requested documentation, on January 7, 2004, the district court entered an order which "dismissed with prejudice to the Debtor filing any bankruptcy proceedings for a period of six (6) months from the date hereof. The court subsequently denied numerous motions by Laurent concerning the filing of a Fifth Amended Plan and attempt to file a separate adversary proceeding.

4

On June 18, 2004, the bankruptcy court entered an order closing the case and discharging the Chapter 13 Trustee. Laurent subsequently tried to appeal from this order, but did so only after the 10-day period specified in Bankruptcy Rule 8002 had expired. On July 2, 2004, the bankruptcy court dismissed the notice of appeal as untimely.

Thereafter, on July 20, 2004, the bankruptcy court entered an order allowing the Trustee to release funds that Bank Atlantic had refused because the account was paid in full. The order directed the Trustee to refund any remaining funds, which included the guardian property payments returned to the Trustee from Bank Atlantic, to Laurent. Ten days later, on July 30, 2004, Laurent filed a "Motion to Leave Appeal to District Court." On August 17, 2004, apparently without a ruling by the district court on Laurent's outstanding "Motion to Leave," the Clerk of Court for the Southern District of Florida Bankruptcy Court transmitted the Motion and Laurent's Notice of Appeal to the district court, pursuant to a form order entitled "Transmittal of Motion for Leave to Appeal." That same day, the Clerk of Court for the Southern District of Florida file-stamped a box on the transmittal form entitled "Bankruptcy Rule 8003 Acknowledgment of Assignment in District Court."

Finally, on October 20, 2004, the district court, pursuant to its <u>sua sponte</u> review of the record, determined that it lacked jurisdiction because Laurent

5

had not obtained leave from the bankruptcy court prior to proceeding with his appeal. Relying on our decision in Carter v. Rogers, 220 F.3d 1249 (11th Cir. 2000), the district court dismissed the case for lack of jurisdiction. In its dismissal order, the court stated: "The docket in the bankruptcy case is devoid of any motion for leave to bring suit in the district court against the Chapter 13 Trustee or any Order granting leave to do so." This appeal followed.

District courts have jurisdiction to review appeals from final bankruptcy court judgments, orders and decrees. 28 U.S.C. § 158(a). Section 158(a)(3) also authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy court, but requires a party to obtain leave prior to proceeding. To appeal a bankruptcy court's interlocutory order, a party must file a notice of appeal, accompanied by a motion for leave to appeal. See Fed. R. Bankr. P. 8001(b). Even if a motion for leave to appeal is not filed, but a notice of appeal is timely filed, "the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed. . . . Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of entry of the order." Fed. R. Bankr. P. 8003(c) (emphasis added).

The Bankruptcy Rules do not expressly provide the time for appealing an interlocutory order, but Rule 8001(b) states an interlocutory appeal "shall be taken

6

by filing a notice of appeal, as prescribed in subdivision (a) of this rule." Fed. R. Bankr. P. 8001(b). In turn, subsection (a), governing the manner for appealing as of right, provides an appeal "shall be taken by filing a notice of appeal . . . within the time allowed by Rule 8002." Fed. R. Bankr. P. 8001(a). Rule 8002 states that a notice of appeal must be filed within 10 days of the date of the entry of the order appealed from. See Fed. R. Bankr. P. 8002(a). "[T]he timely filing of a notice of appeal is 'mandatory and jurisdictional.' If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61, 103 S. Ct. 400, 403, 74 L. Ed. 2d 225 (1982)).

Here, the record reveals that the Trustee filed a "Motion to Redirect," which the bankruptcy court granted on July 20, 2004. Within 10 days of the bankruptcy court's order, on July 30, 2004, in the bankruptcy court, Laurent filed both a motion for leave to appeal and a notice of appeal. Thereafter, on August 17, 2004, the bankruptcy court transferred the case to the district court, pursuant to a form entitled "Transmittal of Motion for Leave to Appeal." On this form, the bankruptcy court stated that the "Order to be Appealed" was the "Order Granting Trustee's Motion to Redirect Payment." The bankruptcy court also noted on the form that it was transmitting Laurent's motion for leave to proceed and notice of appeal, along with

a copy of the docket sheet, to the district court. The district court, acting pursuant to Rule 8003, confirmed receipt of the case.

It is clear that, after the bankruptcy court granted the Trustee's motion, Laurent timely filed a notice of appeal and a motion for leave to proceed on appeal. We observe, however, that Laurent's motion for leave did not comply with the requirements of Rule 8003. See Fed. R. Bankr. 8003(a) (enumerating contents of motion for leave to appeal a bankruptcy court's interlocutory order, under 28 U.S.C. § 158(a)). However, such non-compliance is of no consequence here because he filed a timely notice of appeal from which the district court could have, pursuant to Fed. R. Bankr. P. 8003, granted leave to appeal or direct that a motion for leave to appeal be filed. "The district court . . . may also deny leave to appeal but in doing so shall consider the notice of appeal as a motion for leave to appeal." Fed. R. Bankr. P. 8003(c) (emphasis added). We note that a district court's leave to proceed on appeal, pursuant to 28 U.S.C. § 158(a), is different from a bankruptcy court's leave to bring suit in the district court, which "a debtor must obtain . . . before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." Carter, 220 F.3d at 1252 (internal citations omitted). It appears from the district

court's order that the court construed Laurent's case as presenting the latter situation, when, in fact, Laurent's motion was for leave to appeal.

In this case, neither the bankruptcy court nor the district court ruled on Laurent's timely, albeit non-conforming, motion for leave to appeal. Moreover, the district court did not consider Laurent's timely notice of appeal as a motion for leave to appeal, as it is authorized to do under Rule 8003(c). Instead, pursuant to the Trustee's motion to dismiss, the district court concluded it lacked jurisdiction over the appeal because Laurent had not obtained leave of the <u>bankruptcy court</u> prior to pursuing the appeal.[1] In response, Laurent highlighted that in the bankruptcy court, he had timely filed his notice of appeal <u>and</u> sought leave, via his "Motion to Leave," prior to proceeding with his appeal. Notwithstanding the fact that Laurent timely appealed to the district court, no order was ever entered on his motion for leave, nor was his notice of appeal construed as a motion for leave. This situation did not deprive the district court of jurisdiction, within the meaning of our decision in <u>Carter</u>, since the procedural posture of the instant case in the district court presents a request for discretionary interlocutory review, <u>not</u> the initiation of a new action against the Trustee, as in <u>Carter</u>.

---

[1] The bankruptcy court properly transmitted the motion for leave to proceed on appeal to the district court since both Rule 8003 and the jurisdiction-conferring 18 U.S.C. § 158(a) discuss obtaining the <u>district</u> court's leave.

Based on our own review of the record, and construing Laurent's pro se filings liberally, we conclude that Laurent's request for leave to appeal and his notice of appeal complied with the timing requirements for appealing to the district court the bankruptcy court's Order Granting Trustee's Motion to Redirect Payment.  Cf. Fed. R. Bankr. P. 8001(a), 8002(a); Carter, 220 F.3d at 1252-53.  The district court's construction of Laurent's notice of appeal as a new and separate action against the Trustee, filed without leave of the bankruptcy court, is belied by the face of Laurent's notice of appeal, from which we find it clear Laurent was seeking leave to appeal the decision granting the Trustee's motion to "Redirect Payment."   Thus, the district court erred by finding the record devoid of a request for leave, or at least, by failing to deny interlocutory review, rather than dismissing for lack of jurisdiction.

Again, Laurent is a pro se litigant, whose pleadings are construed liberally.[2] On this record, we are satisfied Laurent followed the proper procedure for appealing to the district court from the bankruptcy court's Order Granting Trustee's Motion to Redirect Payment.  It was within the district court's discretion to grant or deny leave to proceed with the appeal, pursuant to either Laurent's non-conforming motion for

---

[2]  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"); cf. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a pro se action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers.").
.

leave to proceed or, pursuant to Rule 8003(c), by construing Laurent's timely filed notice of appeal as such a motion. See Chrysler Fin. Corp. v. Powe, 312 F.3d 1241, 1245-46 (11th Cir. 2002) (noting that "district court's discretion to entertain an interlocutory appeal from the bankruptcy court is analogous to the court of appeals' discretion to entertain a Rule 23(f) appeal from the district court"). Accordingly, we vacate and remand for the district court to consider whether to grant or deny leave to proceed with the appeal from the bankruptcy court's Order.

**VACATED AND REMANDED.**