[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-17173
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 22, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-22076-CV-MGC

NICOLAS LAURENT,

Plaintiff-Appellant,

versus

NANCY N. HERKERT,
United States Trustee,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 22, 2006)

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Nicholas S. Laurent, a Chapter 13 debtor proceeding pro se, again appeals

the district court's order relating to his motion to proceed with an interlocutory

appeal from the bankruptcy court's Order Granting the Chapter 13 Trustee's Motion to Redirect Payment. We previously vacated the district court's dismissal order, which was based on the district court's understanding that it lacked jurisdiction. See In re Laurent, 149 F. App'x 833 (11th Cir. Aug. 22, 2005) (not published). We held that the district court had jurisdiction to render a decision on Laurent's motion. Id. Accordingly, we directed the district court to decide, on remand, whether or not to grant the debtor leave to proceed with an interlocutory appeal from the bankruptcy court. On remand, the district court denied leave to proceed. Laurent now appeals that decision. We affirm.

The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision. Equitable Life Assurance Soc'y v. Sublett, 895 F.2d 1381, 1383-84 (11th Cir. 1990). District courts may grant leave to hear appeals of interlocutory orders entered by a bankruptcy judge. See 28 U.S.C. § 158(a). "Because [28 U.S.C. § 158(a)] does not provide the district court any criteria for determining whether to exercise their discretionary authority to grant leave to appeal, the court[s] look[] to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the court of appeals." In re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985). In order to obtain leave to proceed under 28 U.S.C. § 1292(b), a party must demonstrate that: (1) the order

2

presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b).

Here, the bankruptcy court's order granting the Trustee's motion to redirect payment and ordering that any remaining funds, including those returned from Bank Atlantic, be refunded to Laurent, did not meet the criteria warranting leave to file an interlocutory appeal. The order did not present any issue of controlling law over which there is disagreement among courts, but rather, it resolved the practical issue concerning to whom the Trustee should pay the funds she still held. Moreover, the order does not materially advance the outcome of the litigation. At the time of the order, the bankruptcy court had closed the case and discharged the Trustee, and Bank Atlantic, for whom the contested funds had been ear-marked, had rejected the funds. Finally, as noted by the district court, resolution on the merits of an appeal of the order to redirect funds would not grant Laurent the relief he sought: title to the guardianship property had already passed to the guardian, making the guardian the legal owner. Therefore, the district court did not err by denying leave to proceed with an interlocutory appeal.

**AFFIRMED.**